UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

**FILED**
05/26/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

GENARO GARCIA,
    Plaintiff,

vs.

Jane Magnus-Stinson, Judge
    Defendant,

Case No.: 2:23-cv-259-JRS-MJD
(TO BE SUPPLIED BY THE CLERK)

(Enter above the full name of the Defendant(s) in this action.)

# COMPLAINT

## I. PARTIES

The names and addresses of each plaintiff and defendant are as follows:

A. Plaintiff:

    Name Genaro Garcia

    Identification Number 127225

    Address P.O. Box 1111, Carlisle, Indiana 47838

B. Defendant(s)

    Name _____

    Title _____

    Address _____

    Name _____

    Title _____

    Address _____

## II. STATEMENT OF JURISDICTION AND PREVIOUS LAWSUITS

This is a civil action authorized by 42 U.S.C. sec. 1983 to address the deprivation under color of Federal law of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. sec. 1331 and 1343 (a)(3). The Southern district of Indiana. an appropriate venue under 28 U.S.C. sec. 1391

## III. CAUSE OF ACTION

Plaintiff was subjection to violation of his First, Fourth, Fifth, Eighth, and Fourteenth amendment of the United States constitution.

## IV. STATEMENT OF FACTS

On Jan. 20, 22, I receive the Final Judgment from Hon. Jane Magnus-Stinson, court on My 2254 writ of Habeas Corpus, denying me relief with the denial of Appealability.

On Jan. 23, 2022 I wrote to the court in a form of a motion requesting

a certificate of appealability that it was the court err. that I did not receive the final Judgment order a whole month after the order was entered. not giving Petitioner time to file an appeal. Judge denied Petitioner certificate of appealability. Stating "The following summary is adapted from the Indiana court of Appeals' recitation of facts on postconviction review."

On March 8th, 2022, Petitioner moves the Honorable Court to issue an order commanding the clerk of the U.S. district court of southern district of Indiana or one of her deputies to cause a true, complete and accurate copy of docket #9, #13 exhibit 13 PCR addendum (recheck docket for first reqres) in the entitled cause of action on 2:20-cv-00606-JMS-MG on Nov. 16, 2020 filed by the Petitioner. On March 14, 2022 Petitioner had requested the wrong documents after careful review of the docket sheet provided by the clerk of courts.

On March 18, 22 Petitioner filed another motion requesting the current documents of docket #9, #13 exhibit 13-PCR ADDENDUM filed by the Petitioner with his writ of habeas Corpus.

On March 21, 2022, the Judge granted the Motion for Copies and directed the clerk of courts to sen send me copies of docket [9] and [9-13] by via US Mail. upon receiving the copy of Addendum I

3

notice after reviewing the addendum document was missing (21) twenty one pages. which made me realize that the appellate courts did not get to review my documention evidence supporting my petition. I was being denied due process and my equal protection of the law

On March 28, 2022 I filed a motion with the United States District Court Southern District of Indiana, Terre Haute division to produce the missing pages of my addendum and stating espicially and numbering the missing pages from docket #9, #13 exhibit 13 PCR addendum.

On March 29, 2022 the court denyed my motion to compel the clerk of court to produce the missing page of my addendum and ordered the Respondent to confirm completeness of filing. the Court "can see that there are missing pages from the document in sofar as it corresponds to Mr. Garcia's handwritten pages numbers, the Court cannot provide copies of documents it does not possess, the respondent is ordered to review the state court's record and confirm that a complete version of the PCR Addendum was docketed."

On April 12, 22 Attorney for respondent Assistant section chief, Criminal Appeals Jesse R Drum,

4

did complyed with the Courts order and sent me a complete copy of my ADDENDUM TO APPELLANTS BRIEF. "After receiving this Court's order, counsel compared that copy to the copy that Garcia mailed to the office of Indiana Attorney General when he filed his addendum. The service copy is 49 pages and appears to contain the missing pages that Garcia has identified. Counsel does not know if Garcia filed an incomplete copy with the appellate clerk or if he filed a complete copy and the clerk omitted 20 pages during scanning.

On March 31, 2022 I filed a Motion to Reconsinder relief from Judgment or order pursuant to rule 60(B) of the federal rules of civil Procedure, and respectfully moves the Court to set aside and vacate the judment entered on Dec. 15, 2021 and for a new trial, on the ground that prejudicial error was committed in excluding evidence introduced by the Petitioner (Me). I submitted a complete copy of my addendum to appellants brief provided to me by Jesse R. Drum, assistant section chief, criminal appeal attorney General on April 17, 2022

On March 31, 2022 I also filed a motion for relief from Judgment or order pursuant to rule 60(B) of the Federal Rules of civil procedure, and respectfully moves the courts to

5

set aside and vacate the judgment entered on Dec. 15, 2021, and for a new trial, on the ground that prejudicial error was committed, in excluding evidence introduced by the Petitioner (me). Judge ruling on cause above did bias and prejudice toward the Petitioner (me) and disregarded evidence submitted by the Petitioner on 11-16-2020 in cause # 2:20-cv-00606-JMS-MG. That Judge failed to write in the final report that allege victim testified that was lying and only saying what her mother told her what to say; also, that the prosecution had brought her to that very same court room a whole week prior to trial and coached her. ; also, that the prosecution DNA and Y-STR experts testified upon direct and cross examination that they tested all the DNA and none was associated to mr. Garcia (me)

On June the 6 of 2022 I filed a complaint towards Jane Magnus-Stinson for knowingly unlawfully did bias, racially, discriminatly and corruptly committed Judicial prejudice by disregarding and excluding essential evidence submitted by me on 11-16-2020 with my pentition of writ of Habeas corpus 2254. That such exclusion of my Addendun by Jane Magnus-Stinson, would not support Jane Magnus-

6

Stinson final Judgment report on 12-15-2021 but would show that I was maliciously prosecuted and wrongfully incarcerated, for Jane Magnus-Stinson was fully aware and knowing of the procedure of my submitted addendum. Jane Magnus-Stinson chose to ignore the procedure and knowingly and unlawfully abuse the judicial discretion and corruptly excluded the missing documention of my Addendum.

On June 14, 2022 I received from Jane Magnus-Stinson order denying my motion for relief from Judgment stating "The seventh Circuit Court of Appeals dismissed Mr. Garcia's appeal on April 29, 2022 for lack of Jurisdiction because the notice of Appeals was filed late." When Jane Magnus-Stinson department did not send me notice of the final Judgment of Dec-15, 2021 until Jan. 20, 2022. So it was Jane Magnus-Stinson in error, not me, and not mentioning anything that I wrote in my motion for relief from Judgment, I wrote in my motion that the allege victim testified in open court, that she was lying and only saying what her mother told her what to say; as well, Jane Magnus-Stinson admits that the courts did not descuss the DNA issue, for it was missing from my addendum brief. I fail to presented to the

7

Indiana Supreme Court. So the lower Courts never got to review my documentation evidence for the Appellate clerk failed to filed a complete addendum Briefs due to the respondent mistake in not submitting a complete copy of the record. and that I filed to highlight which documents were previously omitted and which were included and the Court declines to compare the two. The record would show that I did highlight the omitted pages and that Jane Magnus-Stinson even admitted that they were missing.

On March 10 2023, I submitted a motion seeking copies of the Writ of Habeas Corpus that I filed back in Nov. 25, 2020, allowe with a notorize affidavit of Indigncy.

On Mar. 14, 2023, Jane Magnus-Stinson denied my motion stating "The clerk is directed to send Mr. Garcia a form motion for copies with his copy of this order, and he may renew his motion if he is willing to pay for the copies, signed by Judge Jane Magnus-Stinson on 3/14/2023."

On Mar. 29, 23 I re-filed the motion for copies of Docket #2 writ of Habeas Corpus with presendence that the first, fifth and fourteeth amendment to the U.S. Constitution mandate that I am to be provided access to Docket #2 writ of Habeas Corpus. Rush v U.S. 559 F.2d 455 (1977).

8

that I affirm under penalty of perjury, that the foregoing statement are true and correct. An inability to receive Docket #2 writ of Habeas Corpus transcripts places (me) the Petitioner in the unfair position of not being able to consult the record Docket #2 writ of Habeas corpus transcripts, as the state is allowed to do, and is a substantial denial of Due process. An indigent Petitioner has a Due process right at the appellate and/or post-conviction stage to the all transcripts of criminal proceedings under the U.S. constitution Amendment XIV and I include all kinds of interpretion by the U.S. Supreme Court, aswell, included a notorize affidavit of Special circumstances a certified Counselor statement and afficavit of indigence.

On Mar. 31, 2023, "Motion for Copies is denied as duplicative of the motion file on March 23, 2023 that was denied on March 27, 2023." which states "Any future request for copies at public expense will be summarily denied. $ S.M.

**V. DEFENDANT:** Hon. Jane Magnus-Stinson employed by the United States district Court, Southern district of Indiana, Terre Haute divison, can be contacted by electronically mailed to: insd_cmecf@insd.uscourts.gov

9

## VI. EXHAUSTION of LEGAL REMADIES:

The Plaintiff, Genaro Garcia, use the complaint of Judicial Misconduct or disability and exhaust his adminisative remedies that's required under Federal law.

## VII. PRAYING FOR RELIEF:

A. Declare that the acts and omissions described herein violated Plaintiffs rights under the constitution law of the United states;

B. Order Defendant to pay compensatory damages and punitive damages;

C. Order Defendant to pay reasonable attorney fees and cost; and

D. Grant other just and equitable relief that this Honorable Court deems necessary

## VIII. Jury Demand:

Plaintiff request this Honorable Court to docket this civil action for Jury trial

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matter alleged therein are true. I also certify under penalty of

of perjury that the foregoing is true and correct to the best of my personal knowledge and belief.

Executed on 17 of May 2023

*Genaro Garcia*
plaintiff

## CERTIFICATE OF SERVICE

I Genaro Garcia, do hereby certify that on this 17 day of May, 2023 a true and correct copy of the foregoing civil complaint right 42 U.S.C. sec. 1983 was served upon the Indiana Attorney General, Indiana Goverment Center, South Fifth Floor, 402 W. Washington Street, Indianapolis, Indiana 46204, by ordinary, postage prepaid, United state Mail.

*Genaro Garcia*
Plaintiff